■ JOHN PROZERALIK et al., Respondents, v DINO DiCIENZO, SR., et al., Appellants.—Order unanimously reversed on the law with costs and motion denied. Memorandum: Supreme

Court should have denied plaintiffs' motion for a preliminary injunction enjoining defendants from the use of the name "John's Flaming Hearth" in connection with a restaurant and hotel defendants purchased from plaintiffs. An addendum to the purchase agreement provided: "The sale and transfer provided for in the Agreement is understood to include the business and goodwill associated with the operation of the Property as a hotel and restaurant". "The chief elements of value upon any sale of a good will are, *first,* continuity of place and, *second,* continuity of name" *(Matter of Brown,* 242 NY 1, 7; emphasis in original). "[A]s a general rule, [the sale of good will of a business] includes the name under which the business is conducted and by which it is known" *(Dairymen's League Co-Op. Assn. v Weckerle,* 160 Misc 866, 874). Indeed, here, as well as in *Dairymen's League (supra,* at 875), "[i]t would have been difficult, if not impossible, to have effectively transferred the good will of the business without transferring the name". Had plaintiff Prozeralik intended to exclude from the sale of the good will the use of the name, he should have expressly so provided. Inasmuch as plaintiffs failed to demonstrate a likelihood of ultimate success on the merits, they were not entitled to a preliminary injunction *(see, Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Preliminary Injunction.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.